IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID R. STOWELL,                                          CASE NO.:

    Plaintiff,

vs.

CITIMORTGAGE, INC., ALLIANCE                    DEMAND FOR JURY TRIAL
ONE, INC., AND AMERICAN CORADIUS
INTERNATIONAL, LLC,

    Defendants.
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, DAVID R. STOWELL (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendants, CITIMORTGAGE, INC. (hereafter "CITI"), ALLIANCE ONE, INC. (hereafter "Alliance One"), and AMERICAN CORADIUS INTERNATIONAL, LLC (hereafter "ACI"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendants' violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## GENERAL ALLEGATIONS

1. Plaintiff is an individual who owned property in Hillsborough County, Florida and is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8) and 15 U.S.C. §1692a(3).

2. This is an action for damages greater than $5,000.00 but less than $15,000.00.

3. Defendant, CITI, is a foreign profit corporation as registered with the Florida Department of State, Division of Corporations.

4. Defendant, Alliance One, is a Florida profit corporation as registered with the Florida Department of State, Division of Corporations.

5. Defendant, ACI, is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

6. Defendant, CITI, is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and FDCPA, 15 U.S.C. § 1692a(4), and does business throughout the state of Florida, including Hillsborough County, Florida.

7. Defendant, Alliance One, is a "debt collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Hillsborough County, Florida.

8. Defendant, ACI, is a "debt collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Hillsborough County, Florida.

9. The debt is a "consumer debt" as defined by the FCCPA, Florida Statute §559.55(6) and FDCPA, 15 U.S.C. § 1692a(5).

10. Defendants are "persons" subject to regulations under the § 559.72, Fla. Stat and 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

11. It is alleged by Defendants that Plaintiff owes a debt to Defendants relating to a CitiMortgage, Inc. Account No. ending in -2173, which was subsequently transferred to CitiMortgage, Inc. Account No. ending in -1985.

12. On October 23, 2009, Defendant, CITI, sent Plaintiff a short payoff approval letter stating, "…CitiMortgage, Inc. will give a full release and reconveyance of their loan as agreed and no deficiency judgment will be instituted." See Exhibit "A."

13. On November 13, 2009, Plaintiff completed a short sale that was approved by the lender, CitiMortgage, Inc. for CITI'S loan No. ending in -2173. *See* attached HUD-1 as Exhibit "B."

14. On or about January, 2010, Defendant, CITI, issued Plaintiff a 1099-C for Cancellation of Debt in the amount of $99,596.44. *See* Exhibit "C."

15. On June 16, 2010, a Release of Mortgage was recorded in the Official Records of Pasco County, Florida, Book 8355 at Page 636, releasing this subject debt. A copy of the Release of Mortgage is attached hereto as Exhibit "D."

16. On or about December 15, 2014, Defendant, CITI, transferred the previously satisfied and released mortgage loan to CitiMortgage, Inc. and mailed a Notice of Purchase, Assignment, Sale, or Transfer of Mortgage Loan to Plaintiff dated January 20, 2015. A copy of the Notice of Purchase, Assignment, Sale, or Transfer of Mortgage Loan is attached hereto as Exhibit "E."

17. Following the receipt of the Notice of Purchase, Assignment, Sale, or Transfer of Mortgage Loan, Defendant, CITI, began sending collection letters to Plaintiff in an attempt to collect on the released and forgiven debt. *See* Exhibit "F."

18. On May 28, 2015, Plaintiff's spouse, Wendy Stowell, received a telephone call from Defendant, Alliance One, asking how Plaintiff and his spouse would be paying the outstanding late payments for the CitiMortgage account in the amount of $99,596.44. *See* Affidavit of Wendy Stowell, attached as Exhibit "G."

19. In addition to CITI sending collection letters, Defendant, ACI, also sent collection letters to Plaintiff beginning in November, 2015 in an attempt to collect on the CitiMortgage account number ending in -1985 in the amount of $99,596.44, which had already been released and forgiven by CITI. *See* Exhibit "H."

20. On December 8, 2015, Defendant, ACI, called Plaintiff's cellular telephone and left a message in an attempt to collect the previously released and satisfied debt originally owed to CITI and requested a call back.

21. Defendant, ACI, continues to contact Plaintiff on his cellular telephone to collect this illegitimate debt.

22. Defendant, ACI, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "G."

23. Defendant, ACI, left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

24. Some of the voicemail messages received by Plaintiff on his cellular phone from Defendant, ACI, sounded like a pre-recorded voice requesting a return call from Plaintiff.

25. Plaintiff did not initiate any communications to Defendant and at no time did Plaintiff give Defendant, ACI, his express consent to be contacted.

26. None of Defendant, ACI's, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

27. None of Defendant, ACI's, telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

28. Defendants, CITI and ACI, are actively attempting to collect a debt through the transmission of debt collection notices and telephone calls to Plaintiff that they know is not legitimate because it was satisfied and released.

29. The actions of the Defendants as alleged herein constitute willful violations of the FCCPA, FDCPA, and TCPA.

30. Defendants have failed to implement any effective policy to assure that its collection personnel comply with the FCCPA, FDCPA, and TCPA.

31. Defendants have failed to implement any system to properly identify satisfied accounts, even though it has knowledge that its current system violates the law by continuing collection activities against Plaintiff on a satisfied account.

32. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### COUNT I: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)
### (PLAINTIFF V. CITI)

33. Plaintiff re-alleges and incorporates paragraphs 1-25 and 28-32 above as if fully stated herein.

34. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

35. Defendant, CITI, violated the FCCPA, Fla. Stat. § 559.72(9), when it knowingly claimed, attempted, and threatened to enforce a debt when Defendant, CITI, knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant, CITI, knew that the right did not exist.

36. Specifically, Defendant, CITI, attempted to collect an illegitimate debt when Defendant, CITI, transmitted debt collection notices to Plaintiff, despite having actual knowledge that the debt was satisfied and no longer collectible.

**WHEREFORE**, Plaintiff, DAVID R. STOWELL, demands judgment against Defendant, CITIMORTGAGE, INC., for the following relief:

    a.    any actual damages sustained by Plaintiff as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

## COUNT II: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)
### (PLAINTIFF V. ALLIANCE ONE)

37. Plaintiff re-alleges and incorporates paragraphs 1-25 and 28-32 above as if fully stated herein.

38. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

39. Defendant, Alliance One, violated the FCCPA, Fla. Stat. § 559.72(9), when it knowingly claimed, attempted, and threatened to enforce a debt when Defendant, Alliance One, knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant, Alliance One, knew that the right did not exist.

40. Specifically, Defendant, Alliance One, attempted to collect an illegitimate debt when Defendant, Alliance One, made a debt collection telephone call to Plaintiff's spouse, Wendy Stowell, despite having actual knowledge that the debt was satisfied and no longer collectible.

**WHEREFORE**, Plaintiff, DAVID R. STOWELL, demands judgment against Defendant, ALLIANCE ONE, INC., for the following relief:

    a.    any actual damages sustained by Plaintiff as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

## COUNT III: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)
### (PLAINTIFF V. ACI)

41. Plaintiff re-alleges and incorporates paragraphs 1-25 and 28-32 above as if fully stated herein.

42. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

43. Defendant, ACI, violated the FCCPA, Fla. Stat. § 559.72(9), when it knowingly claimed, attempted, and threatened to enforce a debt when Defendant, ACI, knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant, ACI, knew that the right did not exist.

44. Specifically, Defendant, ACI, attempted to collect an illegitimate debt when Defendant, ACI, transmitted debt collection notices to Plaintiff and contacted Plaintiff on his

cellular telephone to request payment of the illegitimate debt despite having actual knowledge that the debt was satisfied and no longer collectible.

**WHEREFORE**, Plaintiff, DAVID R. STOWELL, demands judgment against Defendant, AMERICAN CORADIUS INTERNATIONAL, LLC, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

### COUNT IV: VIOLATION OF THE FDCPA, 15.U.S.C. §1692e
### (PLAINITIFF V. ACI)

45. Plaintiff re-alleges and incorporates paragraphs 1-9, 11-25, and 28-32 above as if fully stated herein.

46. Defendant, ACI, is subject to, and has violated the provisions of 15 U.S.C. §1692e, e(2)(A), and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debt.

47. Specifically, each of Defendant, ACI's, actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiff into paying a debt that had been satisfied and was otherwise uncollectable.

48. The act of sending collection letters that do not advise Plaintiff that the alleged debt cannot be legally enforced in court is a deceptive and misleading representation or means of collecting a debt.

**WHEREFORE**, Plaintiff, DAVID STOWELL, demands judgment against Defendant, AMERICAN CORADIUS INTERNATIONAL LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

    c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    d. any other relief the court deems just and proper.

### COUNT V: VIOLATION OF THE FDCPA, 15.U.S.C. §1692e
### (PLAINITIFF V. ALLIANCE ONE)

49. Plaintiff re-alleges and incorporates paragraphs 1-9, 11-25, and 28-32 above as if fully stated herein.

50. Defendant, ALLIANCE ONE, is subject to, and has violated the provisions of 15 U.S.C. §1692e, e(2)(A), and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debt.

51. Specifically, Defendant, ALLIANCE ONE'S, actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiff into paying a debt that had been satisfied and was otherwise uncollectable.

52. The act of contacting Plaintiff's wife via her cellular telephone to demand payment of a satisfied debt that she did not owe and failing to advise Plaintiff's wife that the alleged debt could not be legally enforced in court is a deceptive and misleading representation or means of collecting a debt.

**WHEREFORE**, Plaintiff, DAVID STOWELL, demands judgment against Defendant, ALLIANCE ONE, INC., for the following relief:

   a. any actual damages sustained by Plaintiff as a result of the above allegations;

   b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

   c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

   d. any other relief the court deems just and proper.

### COUNT VI: VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (PLAINTIFF V. ACI)

53. Plaintiff incorporates and re-alleges paragraphs 2-5 and 10-32 above as if fully stated herein.

54. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

55. Defendant, ACI, used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

56. Defendant, ACI, independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant, ACI, placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

57. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, DAVID STOWELL, demands judgment against Defendant, AMERICAN CORADIUS INTERNATIONAL LLC, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: **May 6, 2016**                                Respectfully Submitted,

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 013183
Boss Law
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Service Email: cpservice@protectyourfuture.com
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**